IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA        )
                                )
         v.                     )        CIVIL ACTION NO. 2:05cv187-A
                                )                    WO
CHRISTOPHER A. CALDWELL         )

## O R D E R

Pursuant to the orders of this court, the United States has filed a response (Doc. 6) addressing the applicability of the period of limitation to the motion to vacate under 28 U.S.C. § 2255 filed by federal inmate Christopher A. Caldwell ("Caldwell") on February 22, 2005.  In its response, the government argues that Caldwell's motion is barred by the one-year period of limitation applicable to motions filed under 28 U.S.C. §2255.  *See* § 105 of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").[1]  Specifically, the government argues that Caldwell's convictions for possession with intent to distribute methamphetamine and using and carrying a firearm during and in relation to a drug-trafficking crime became final on April 22, 2002 – 10 days after imposition of sentence, as no direct appeal was filed – and that the instant § 2255 motion was filed well after expiration of the one-year period of limitation.  *See Apr. 5, 2005, Response of United States* (Doc. 6) at 5-8.

Paragraph 6 of 28 U.S.C. § 2255 specifies that the one-year period of limitation begins

---

[1]"Section 105 amended 28 U.S.C. § 2255, establishing a one-year 'period of limitation' for motions filed pursuant to § 2255." *Goodman v. United States*, 151 F.3d 1335, 1336 (11ᵗʰ Cir. 1998).  This section became effective on April 24, 1996.

from the latest date of

> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Caldwell was convicted on January 22, 2002, and was sentenced on April 12, 2002. *See Apr. 5, 2005, Response of United States* (Doc. 6) at 3-4. He did not file a direct appeal of his convictions. Under the directives of 28 U.S.C. § 2255, then, his convictions became final on April 22, 2002, upon expiration of the time for him to file a direct appeal (i.e., 10 days after imposition of his sentence). Thus, Caldwell had until April 22, 2003, to file a timely § 2255 motion. The instant motion was not filed until February 22, 2005.

It does not appear that any of § 2255's exceptions to application of the limitation period are applicable in this case. Specifically, Caldwell's claims do not rest on an alleged "right [which] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Moreover, the court notes that the government has not prevented Caldwell from filing an earlier motion nor has Caldwell submitted any grounds for relief that could not have been put forth earlier under the exercise of due diligence such

that the limitation period begins to run at a time other than upon the finality of his conviction.

Under the circumstances of this case as outlined herein, it appears to the court that the one-year period of limitation contained in 28 U.S.C. § 2255 expired prior to Caldwell's filing his motion to vacate.  Accordingly it is

ORDERED that on or before January 23, 2006, Caldwell shall show cause why his 28 U.S.C. § 2255 motion should not be dismissed as it was not filed within the one-year limitation period established by the AEDPA.

DONE, this 6th day of January, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

3