IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 2:05cv187-WHA-SRW |
| CHRISTOPHER A. CALDWELL | ) | (WO) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This matter is before the court on a motion by federal inmate Christopher A. Caldwell ("Caldwell") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. After due consideration of the § 2255 motion, the supporting and opposing submissions, and the record in this case, the court concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, the motion should be denied.

## I. PROCEDURAL HISTORY

On January 9, 2002, Caldwell appeared before the magistrate judge and, in accordance with a written plea agreement, pled guilty to one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and one count of using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). On April 12, 2002, the district court entered judgment and sentenced Caldwell

to a total of 120 months in prison.[1]  Caldwell did not file a direct appeal.

On February 22, 2005, Caldwell filed this § 2255 motion in which he asserts that (1) he is actually innocent of violating 18 U.S.C. § 924(c)(1) and (2) his counsel during the guilty plea proceedings and sentencing rendered ineffective assistance.[2]

The government responds that Caldwell's claim of actual innocence is meritless and that his motion is barred by the one-year limitation period applicable to 28 U.S.C. § 2255 motions.[3]  *See* § 105 of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). Caldwell was afforded an opportunity to respond to the government's submissions and has done so.

## II.  DISCUSSION

### A.      Limitation Period

Paragraph 6 of 28 U.S.C. § 2255 specifies that the one-year period of limitation begins from the latest date of

---

[1]Caldwell was sentenced to 60 months in prison for each conviction, with the sentences ordered to run consecutively.

[2]Although Caldwell's motion was date-stamped "received" on February 28, 2005, this court, under the "mailbox rule," deems his motion filed on the date he delivered it to prison authorities for mailing – presumptively on February 22, 2005, the day that he signed it.  *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[3]The government also argues that this court should not consider the § 2255 motion because Caldwell waived his right to seek collateral relief upon entry of his guilty plea under a plea agreement.  Because the court concludes that Caldwell's claim of actual innocence is meritless and that his § 2255 motion is barred under the one-year period of limitation, the court pretermits consideration of the government's argument that the motion is barred by the waiver provision in the plea agreement.

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The district court entered judgment in Caldwell's case on April 12, 2002, and Caldwell did not file a direct appeal. By operation of law, Caldwell's conviction became final on April 22, 2002 – 10 days after the district court entered its judgment.[4] Thus, Caldwell had until April 22, 2003, to file a timely § 2255 motion. However, he filed his motion on February 22, 2005, approximately 22 months after expiration of the one-year period of limitation.

Caldwell asserts that his motion should be deemed timely under § 2255 ¶ 6(4) because, he says, he did not discover the factual and legal basis for his claims until around September 2004, when, in conversations with other inmates at the federal detention center where he was incarcerated, he was "advised that his 924(c) charge was possibly flawed."

---

[4]*See* Fed.R.App.P. 4(b)(1) (defendant's notice of appeal in a criminal case must be filed in the district court within 10 days after entry of the district court's judgment); *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (for a defendant who does not file a direct appeal, the conviction becomes final ten days after the district court's judgment is entered); *see also Moshier v. United States*, 402 F.3d 116, 118 (2nd Cir. 2005).

(Doc. No. 2 at 7.)  Although Caldwell does not explain with any specificity the content of his conversations with other inmates, a careful reading of his motion reveals that he points to no new facts tending to show his innocence but that, in essence, he contends that the legal arguments in support of his claim that he is actually innocent of violating 18 U.S.C. § 924(c)(1) constitute "new evidence" and that § 2255's one-year period of limitation did not begin to run until September 2004, when he "discovered" these arguments in conversations with his fellow inmates.  (*Id*. at 6-15.)

Because Caldwell was present during the guilty plea hearing and sentencing, he knew of the evidence underlying his conviction.  Therefore, he was aware, or should have been aware, of the facts relevant to his § 2255 claims at the time he entered his guilty plea. Subsequent legal interpretations and arguments based on those same facts do not constitute new evidence under 2255 ¶ 6(4).  *See United States v. Olender*, 338 F.3d 629, 635 (6th Cir. 2003) ("Newly discovered evidence does not include new legal theories or new interpretations of the legal significance of the evidence."); *United States v. Seago*, 930 F.2d 482, 489-90 (6th Cir. 1991) ("Evidence will not be deemed 'newly discovered' simply because it appears in a different light under a new theory. ...  A claim belatedly pursued is not newly discovered evidence.") (citation omitted).  Because the facts supporting Caldwell's claims could have been discovered through the exercise of due diligence at the time he was sentenced, this court rejects Caldwell's argument that, under § 2255 ¶ 6(4), § 2255's limitation period did not begin to run until September 2004 when he became aware of new

legal arguments in support of his claims.[5]

Alternatively, Caldwell argues that the limitation period did not begin to run until May 2004, when he claims to have learned – also through conversations with fellow federal inmates – of his right to seek collateral relief through a § 2255 motion.  (Doc. No. 2 at 7 & 14-15.)  Caldwell maintains that he could not have learned about his rights under § 2255 before then because his counsel during the guilty plea proceedings and sentencing "never mentioned, explained, or discussed" with him "anything regarding a § 2255," and because there were no federal legal materials available to him in the Alabama penal institution where he was housed following his conviction before being transferred to a federal facility in the early part of 2004.  (*Id*. at 14.)  Although Caldwell presents this argument under § 2255 ¶ 6(4), it is more properly considered as a claim for equitable tolling.  The limitation period may be equitably tolled on grounds apart from those specified in the statute when "'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."  *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1312 (11th Cir. 2001); *see also Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).

The record refutes Caldwell's claim that he was ignorant of his rights under § 2255 until May 2004.  The written plea agreement, which contains Caldwell's signature, reflects that Caldwell expressly waived his right to appeal or collaterally attack his sentence "in any

---

[5]Nor does Caldwell allege or establish that the other subparts of 28 U.S.C. § 2255 ¶ 6 apply to the facts of his case: there is no evidence that any governmental action impeded Caldwell from filing an earlier § 2255 motion, *see* § 2255 ¶ 6(2), or that his claims are based on any newly recognized right made retroactively applicable to cases on collateral review, *see* § 2255 ¶ 6(3).

5

post-conviction proceeding" except to raise claims premised on ineffective assistance of counsel or prosecutorial misconduct. *See Plea Agreement* at 4-5.  During the guilty plea colloquy, Caldwell testified that he had fully discussed the plea agreement with his counsel and that he understood its terms. *Guilty Plea Hearing* TR. at 4-5.  In addition, Caldwell stated to the magistrate judge during the colloquy that he understood that, as a term of the plea agreement, he was waiving his "right to appeal or otherwise attack in any way" the sentence imposed, except to claim ineffective assistance of counsel or prosecutorial misconduct. *Id*. at 7-8.

In light of the plea agreement's reference to collateral attacks and potential post-conviction proceedings and Caldwell's own acknowledgments (by his signature on the plea agreement and his testimony during the plea colloquy) that he understood the terms of the plea agreement, including the waiver provision, this court rejects Caldwell's claim that he was ignorant of the provisions of § 2255 until May 2004.  In any event, Caldwell's claimed ignorance of his rights is an insufficient rationale for applying equitable tolling in his case. *See Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000) (holding that ignorance of the law does not amount to an extraordinary circumstance excusing the late filing of a habeas corpus petition); *see also Jones v. United States*, 304 F.3d 1035, 1044 (11th Cir. 2002); *Wakefield v. Railroad Retirement Bd.*, 131 F.3d 967, 970 (11th Cir. 1997).  Consequently, Caldwell is not entitled to equitable tolling of the limitations period on this ground.

Accordingly, under the circumstances of this case as outlined herein, the court finds that the limitation period began to run on the date on which the judgment of conviction

6

became final, April 22, 2002, and expired one year later, on April 22, 2003.

### B.     Actual Innocence

Caldwell claims that he actually innocent of the 18 U.S.C. § 924(c)(1) firearm conviction.  (Doc. No. 1 at 4; Doc. No. 2 at 16-34.)  He argues that he merely possessed a firearm while in a vehicle containing drugs and that, under *Bailey v. United States*, 516 U.S. 137 (1995), such actions do not establish criminal liability under § 924(c)(1).  In *Bailey*, the Supreme Court held that a conviction under the "use" prong of § 924(c)(1) requires the government to demonstrate "active employment" of the firearm, not its possession, during and in relation to the predicate crime.[6]  *Bailey*, 516 U.S. at 143-44.

There is no codified actual innocence exception to the §2244 limitations period, and the United States Supreme Court has not specifically addressed the issue of whether an actual innocence exception to §2244 exists.  *See Souter v. Jones*, 395 F. 3d 577, 589 (6th Cir. 2005). Although the Eleventh Circuit has recognized that 28 U.S.C. § 2244 permits equitable tolling, it considered but did not decide "the troubling and difficult constitutional question" of whether the §2244(d) limitations period bar to filing a first habeas petition constitutes an

---

[6]18 U.S.C. § 924(c)(1) makes it an offense to either (1) *use or carry* a firearm *during and in relation to* a crime of violence or drug trafficking crime or (2) *possess* a firearm *in furtherance of* such crime.  *See* 18 U.S.C. § 924(c)(1).  The pre-1998 version of the statute, however, made it an offense only to *use or carry* a firearm *during and in relation to* the predicate crime.  The *Bailey* decision's narrow interpretation of "use" under § 924(c)(1) prompted Congress to amend the statute in 1998 to add language directed to *possessing* a firearm "in furtherance of" the predicate crime. *See United States v. Timmons*, 283 F.3d 1246, 1252 (11th Cir. 2002).  The events that led to the charges to which Caldwell pleaded guilty occurred well after the *Bailey* decision and the 1998 revision of the statute.

unconstitutional suspension of the writ for a petitioner who can show actual innocence. *Wyzykowski v. Department of Corr.*, 226 F.3d 1213, 1218 (11th Cir. 2000). The *Wyzykowski* Court directed "that the factual issue of whether the petitioner can make a showing of actual innocence should be first addressed, before addressing the constitutional issue of whether the Suspension Clause requires such an exception for actual innocence." *Id.* Thus, in order to determine whether Caldwell can surmount the time-bar to the filing of his § 2255 motion, this court must examine the merits of his underlying claim to determine whether he has demonstrated that he is actually innocent of the § 924(c)(1) firearm conviction.

To establish actual innocence, a defendant must demonstrate that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995) (citations omitted). "Actual innocence means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 615 (1998).

In this case, because Caldwell pleaded guilty to an indictment alleging that he "knowingly used *and* carried" a firearm (*see* Count 2 of Superseding Indictment at 1; emphasis added), the government was only required to prove *either* that he used the firearm during and in relation to the drug trafficking crime *or* that he carried the firearm during and in relation to that crime, not both. *See United States v. Timmons*, 283 F.3d 1246, 1252 (11th Cir. 2002); *see also Turner v. United States*, 396 U.S. 398, 420-21 (1970).

For purposes of § 924(c)(1), the phrase "carries a firearm" applies "to a person who knowingly possesses and conveys firearms in a vehicle, including in the locked glove

8

compartment or trunk of a car, which the person accompanies." *Muscarello v. United States*, 524 U.S. 125, 126-27 (1998); s*ee also United States v. Frye*, 402 F.3d 1123, 1128 (11ᵗʰ Cir. 2005) ("A defendant carries a firearm if it is carried directly on his person or carried in his vehicle.").  To prove the "in relation to" requirement, the government must demonstrate that the firearm had "some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot be the result of accident or coincidence." *Smith v. United States*, 508 U.S. 223, 238 (1993).  "The gun at least must facilitate, or have the potential of facilitating, the drug trafficking offense. *Id.* (citations and internal punctuation omitted). *See also Frye*, *supra*, 402 F.3d at 1128.

The record reflects that on July 15, 1999, Caldwell wrecked his logging truck while driving on Highway 9 in Elmore County, Alabama, and that law enforcement officials called to the scene discovered several bags of methamphetamine and three handguns in the cab of the truck.   At the guilty plea colloquy, Caldwell admitted that he had 71.1 grams of methamphetamine in his possession at the time of the incident and that at least some of the drug was meant for distribution.  *Plea Hearing* TR. at 10.  Caldwell also admitted that "at the same time on the same date and the same location," he was carrying firearms in his truck. *Id.* at 11.  He testified that the firearms were "in close proximity" to the drugs,[7] that he knew that "both the drugs and the guns were there," and that the guns were there for his "protection and the protection of the drugs."  *Id.* at 11-12.

---

[7]Caldwell stated that the drugs were "up under the mattress" of the sleeper inside the cab of his truck and that the firearms were "in a paper bag on top of the mattress."  *Plea Hearing* TR. at 11-12.

Because of the facts established at the guilty plea colloquy, Caldwell is unable to demonstrate that "it is more likely than not that no reasonable juror would have convicted him" of carrying a firearm during and in relation to a drug trafficking crime. *Schlup*, *supra*, 513 U.S. at 327-28. Caldwell admitted that he was carrying firearms inside his vehicle in close proximity to, and for the purpose of protecting, a quantity of methamphetamine that he intended to distribute.[8] Certainly, the firearms had at least the potential of facilitating the drug trafficking offense. *Smith*, 508 U.S. at 238; *Frye*, 402 F.3d at 1128. Accordingly, the court finds that Caldwell has failed to establish that he is actually innocent of the § 924(c)(1) firearm conviction, and Caldwell cannot surmount the time-bar to the filing of his § 2255 motion.

## C.   Remaining Claims

Caldwell also raises various allegations of ineffective assistance of counsel by the attorney who represented him during the guilty plea proceedings and sentencing. However, because Caldwell's § 2255 motion was filed after the expiration of the one-year limitation period and he has failed to demonstrate his actual innocence, his claims of ineffective assistance of counsel are time-barred.[9]

---

[8]Because, for purposes of § 924(c)(1), Caldwell "carried" the firearm by conveying it in his vehicle, *see Muscarello*, 524 U.S. at 126-27; *Frye*, 402 F.3d at 1128, the interpretation of "use" set forth in *Bailey*, 516 U.S. at 143-44, is arguably beside the point in an assessment of Caldwell's actual innocence claim.

[9]One of Caldwell's allegations is that his counsel rendered ineffective assistance by advising him to plead guilty to an offense, the § 924(c)(1) firearm offense, of which he was actually innocent. However, because Caldwell fails to demonstrate his actual innocence, his claim that his counsel rendered ineffective assistance in this regard is futile.

Based on the foregoing, the court concludes that Caldwell has failed to show cause why his § 2255 motion should not be dismissed as untimely filed.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion to vacate pursuant to 28 U.S.C. § 2255 be denied and that this case be dismissed with prejudice.  It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before February 18, 2007.**   A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 5th day of February, 2007.


/s/ Susan Russ Walker                                    
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE